UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VILAIRE DUROSEAU,<br><br>              Plaintiff<br><br>    v.<br><br>KRISTI NOEM,<br>SECRETARY OF DHS, *et al.*<br><br>              Defendants. | CIVIL ACTION NO. 3:25-CV-02041<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Before the Court is a "Complaint for Writ of Mandamus" filed by Plaintiff Vilaire Duroseau ("Duroseau") seeking to compel Defendants to lift the immigration detainer issued against him and to compel the Bureau of Prisons ("BOP") to apply his earned time credits to his sentence pursuant to the First Step Act ("FSA"). Also pending are Duroseau's motions for a temporary restraining order and to expedite the proceedings. (Doc. 5; Doc. 6). The motion to expedite will be granted, and the complaint will be considered prior to the payment of the requisite filing fee. The "Complaint for Writ of Mandamus" will be construed as both a petition for a writ of mandamus under 28 U.S.C. § 1361 and a petition for a writ of habeas corpus under 28 U.S.C. § 2241. For the reasons that follow, the "Complaint for Writ of Mandamus" seeking the removal of the detainer will be dismissed. The accompanying motion for a temporary restraining order will be denied.

I. **BACKGROUND AND PROCEDURAL HISTORY**

In his complaint, Duroseau names six Defendants: (1) Krist Noem, the Secretary of the Department of Homeland Security; (2) Todd M. Lyons, Acting Director of ICE; (3) Brian McShance, Acting Field Office Director of ICE; (4) Stephen Waite, Supervisor of ICE

Williamsport Sub-Office; (5) J. Greene, Warden of Federal Correctional Institution Allenwood ("FCI-Allenwood"); and (6) Laura Getz, Case manager of FCI-Allenwood. (Doc. 1, at 2-3).

Duroseau states that in April of 2024, he was convicted in the Southern District of Florida and sentenced to 33 months incarceration. (Doc. 1, at 3). Duroseau alleges that he is currently incarcerated at FCI-Allenwood. (Doc. 1, at 1). He states that his criminal conviction is pending on direct appeal and is not final for immigration purposes. (Doc. 1, at 3).

He further avers that on August 6, 2024, Immigration and Customs Enforcement ("ICE") lodged a detainer against him, but he was never served a copy of said detainer. (Doc. 1, at 3). He further states that no notice to appear has been filed in immigration court. (Doc. 1, at 3). Duroseau alleges that he petitioned the ICE Willimsport Sub-Office to lift the detainer on November 12, 2024 and August 19, 2025, and has received no response. (Doc. 1, at 3).

Duroseau alleges that on October 7, 2025, a deportation officer from the ICE Williamsport Sub-Office informed him that he will face removal proceedings and can be removed from the United States even if his appeal is still pending and that if a noncitizen's criminal appeal is successful he can come back to the United States through petitioning the U.S.C.I.S. (Doc. 1, at 3-4).[1]

Duroseau further alleges that on September 25, 2025, his case manager, Defendant Getz, informed him that he would not be recommended for halfway house or home

---

[1] While this court is unaware of such policy allowing for removal despite a pending appeal, the Third Circuit is clear that "a conviction does not attain a sufficient degree of finality for immigration purposes until direct appellate review of the conviction has been exhausted or waived." *Orabi v. Attorney General of the United States*, 738 F.3d 585, 543 (3d Cir. 2014)

confinement due to the detainer. (Doc. 1, at 4). He states that his projected release date is December 9, 2025 and upon release he faces unlawful ICE detention despite his conviction being non-final for immigration purposes. (Doc. 1, at 4). He alleges that the BOP and ICE are using the detainer as a pretext to deny him early release credits and halfway house placement pursuant to the FSA. (Doc. 1, at 2).

Duroseau alleges that his constitutional rights under the Fourth and Fifth Amendments have been violated. (Doc. 1, at 5).

As relief, Duroseau asks the Court to accept jurisdiction over the action, declare Defendants' issuance and use of the detainer against Duroseau unlawful and unconstitutional, order ICE to immediately lift the detainer lodged against him, and order the BOP to consider him for prelease. (Doc. 1, at 6). Additionally, Duroseau has filed a motion for temporary restraining order and a motion to expedite proceedings. (Doc. 5; Doc. 6). Considering the closely approaching alleged release date of December 9, 2025, the Court will grant the motion to expedite the complaint and scree it pursuant to 28 U.S.C. § 1915A prior the payment of the filing fee.

II. DISCUSSION

A. SCREENING

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil amended complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007) (not precedential). The Court must dismiss the amended complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). In performing this

3

mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the amended complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting

4

*In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the amended complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (citing *Phillips v. County of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a)

requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Iqbal*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

    B. THIS COURT LACKS SUBJECT MATTER JURISDICTION TO PROVIDE SUBJECT MATTER JURISDICTION.

Duroseau prospectively challenges Defendants' decision or action to commence removal proceedings against him. (Doc. 1). Under 8 U.S.C. § 1252(g), "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." There is an exception to this jurisdiction-stripping provision for constitutional claims or questions of law pursuant to 8 U.S.C. § 1252(a)(2)(D), but jurisdiction over such claims lies in the courts of appeals, and only after the alien has exhausted administrative remedies. *See Orabi*, 738 F.3d at 539 (finding court of appeals has jurisdiction to review final order of Board of Immigration Appeals under 8 U.S.C.

§ 1252 (a)(2)(D). This Court, therefore, lacks jurisdiction to provide Duroseau declaratory or injunctive relief.

Duroseau asserts jurisdiction under 28 U.S.C. § 1331, federal question jurisdiction. (Doc. 1). "A case arises under federal law" for purposes of federal question jurisdiction "when federal law creates the cause of action asserted." *Goldman v. Citigroup Glob. Markets Inc.*, 834 F.3d 242, 249 (3d Cir. 2016). Thus, for federal question jurisdiction, Duroseau must rely on a federal law that creates a cause of action. He relies on 28 U.S.C. § 1361 (mandamus). (Doc. 1). The mandamus statute, 28 U.S.C. § 1361, confers jurisdiction on district courts to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." In other words, "mandamus relief is appropriate only to compel the performance of a clear nondiscretionary duty." *Khanna v. Mayorkas*, No. 21-8712, 2021 WL 2621566, at *4 (D.N.J. June 25, 2021) (cleaned up). Duroseau has not identified a clear nondiscretionary duty owed to him by any of the Defendants. Instead, he seeks declaratory relief from this Court to prospectively establish his immigration status. This Court therefore lacks jurisdiction under 28 U.S.C. § 1361.

Finally, under the Court's duty to liberally construe a *pro se* pleading,[2] the Court looks to whether it has jurisdiction under 28 U.S.C. § 2241(c)(3) to determine whether Duroseau "is in custody in violation of the Constitution or laws or treaties of the United States" as the question of the detainer. The Third Circuit has held "an individual subject to a final deportation order issued by the INS or its successor agency is in custody for § 2241 purposes, even if his present custody is pursuant to a state sentence." *Amenuvor v. Mazurkiewicl*, 457 F.

---

[2] *Estelle,* 429 U.S. at 106.

App'x 92, 93 (3d Cir. 2012) (per curiam) (cleaned up). However, a detainer is not a deportation order, but a written request to retain custody of an individual for an additional 48 hours to give DHS time to assume custody. 8 C.F.R. § 287.7. The removal process begins not with the detainer but with the issuance of a notice to appear before an immigration judge. 8 C.F.R. § 239.1.

Duroseau alleges that he is subject to an immigration detainer while in state custody. (Doc. 1). However, he has not alleged that he is yet subject to a final order of removal. Indeed, Duroseau alleges that he has not been issued a notice to appear nor served with any paperwork from an ICE officer. (Doc. 1, ¶ 18). Therefore, the Court does not have habeas jurisdiction on the issue of the detainer.

C. PETITIONER'S CLAIMS UNDER THE FSA WILL BE DISMISSED.

As set forth above, the Court has a duty to liberally construe a *pro se* pleadings. *Estelle*, 429 U.S. at 106. Therefore, the Court will construe Plaintiff's filing as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The FSA allows eligible inmates who successfully complete evidence-based recidivism reduction programs or productive activities to receive time credits to be applied toward time in pre-release custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(A), (C). An inmate can earn ten (10) days of credit for every thirty (30) days of successful participation. *See id*. § 3632(d)(4)(A)(i). Furthermore, eligible inmates assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two (2) consecutive assessments may earn five (5) additional days of time credit for every thirty (30) days of successful participation, for a total of fifteen (15) days' time credit per thirty (30) days' successful participation. *See id*. § 3632(d)(4)(A)(ii). If time credits under the FSA are properly earned by

an eligible inmate, application of those time credits to a prisoner's sentence is governed by 18 U.S.C. § 3624(g). Section 3632(d)(4)(E)(i) provides "[a] prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws[.]"

The FSA further states "the Director of the Bureau of Prisons may transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of time credits under section 3632." 18 U.S.C. § 3624(g)(3). "Thus, the time credits may be used to transfer a prisoner into prerelease custody earlier than he otherwise would be and to release the prisoner to supervised release up to 12 months earlier than he would be." *Malik v. Warden Loretto FCI*, No. 23-2281, 2024 WL 3649570, at *1 (3d Cir. Aug. 5, 2024).

Duroseau's allegation that the BOP is refusing to apply his earned time credits pursuant to the FSA because of this immigration detainer is concerning insofar as the plain language of the statute renders only noncitizens who are subject to final orders of removal ineligible to apply FSA time credits. *See Adepoju v. Scales*, 782 F. Supp. 3d 306, 319 (E.D. Va. 2025) ("it is evident that Congress considered which classes of deportable prisoners would be ineligible to apply time credits[.]") However, the documents attached to the complaint demonstrate that Duroseau has been awarded the statutorily required earned time credits under the FSA. (Doc. 2-5) (To date you have earned and had applied 210 Federal Time Credit days towards your release date. . ."). Duroseau has not been awarded days towards his residential re-entry center or home confinement placement. (Doc. 2-5.)

There is currently a split amongst district courts as to whether or not earned time credits in excess of the maximum twelve months is statutorily required to be applied towards

9

time in a residential re-entry program or on home confinement. A number of courts have interpreted § 3632(d)(4)(C) to mandate that *all* earned time credits must be applied *either* toward early supervised release *or* toward prerelease custody because there is no statutory cap on time credits applied toward prerelease custody. *See Mohammed v. Engleman*, No. 2:25-CV-01011-MWC-MBK, 2025 WL 1909836, at *13 (C.D. Cal. July 9, 2025), *report and recommendation adopted*, No. 2:25-CV-01011-MWC-MBK, 2025 WL 2294325 (C.D. Cal. Aug. 8, 2025); *see Mateo v. Warden, FCI Danbury*, No. 3:25-CV-00814 (VAB), 2025 WL 2625263, at *8 (D. Conn. Sept. 11, 2025) ("The BOP's decision" to deny application of time credits in excess of those applied to supervised release "conflicts with the First Step Act's express language: time credits "shall be applied toward time in prerelease custody or supervised release.""); *Williams v. Warden, FCI Berlin*, No. 23-CV-509-LM-AJ, 2025 WL 2207024, at *5 (D.N.H. Aug. 4, 2025) ("Because the [BOP] memoranda purport to cap the application of Williams's time credits and deny him the ability to apply time credits toward placement in prerelease custody on the basis of an ineligibility criterion that does not appear in the FSA, the memoranda violate the FSA.")

In contrast, other courts have found that the application of excess earned time credits and such placement in pre-release custody is in the discretion of the BOP. *See Akinmadeyemi v. Warden Thompson, FCI Fort Dix*, No. 27-7003, 2025 WL 2857084, at *2 (D.N.J. Oct. 9, 2025) (finding that the sole discretion of where an inmate is housed is held with BOP); *Balsam v. Warden, Coleman – Low*, No. 5:24-cv-360-SPC-PRL, 2025 WL 2687234 (M.D. Fl. Sep. 19, 2025) (finding that such claims concern the conditions of his confinement and not the execution of his sentence and is not redressable through a habeas proceeding).

10

Instructively, the Third Circuit, in a nonprecedential decision, held that "a foreign citizen assigned a 'deportable alien' public safety factor on whom Immigration and Customs Enforcement has a detainer, is ineligible to use earned time credits for immediate release to residential re-entry programs or home confinement, pursuant to BOP regulations." *Pisman v. Warden Allenwood FCI Low*, No. 23-2048, 2023 WL 6618238, at *1 (3d Cir. Oct. 11, 2023) (per curiam). *Pisman*, however, preceded the Supreme Court determination in *Loper Bright* that "[c]ourts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority." *Loper Bright Enterprise v. Raimondo*, 603 U.S. 369 (2024). Therefore, it is unclear how instructive the decision in *Pisman* remains post *Loper Bright*.

This Court need not wade into this current split because Duroseau has not earned time in excess of 12-months. The documents attached to his complaint clearly state that he has only earned 210 days.

D. THE MOTION FOR A TEMPORARY RESTRAINING ORDER WILL BE DENIED.

Duroseau has filed a motion for a temporary restraining order requesting the court enjoin Defendants from enforcing or maintaining a detainer until the Court ruled on the order. (Doc. 5). Federal Rule of Civil Procedure 65 governs temporary restraining orders and preliminary injunctions. Preliminary injunctive relief "is not granted as a matter of right." *Kershner v. Mazurkiewicz*, 670 F. 2d 440, 443 (3d Cir. 1982). Rather, it "is an 'extraordinary remedy.'" *Doe by & through Doe v. Boyertown Area Sch. Dist.*, 897 F.3d 518, 526 (3d Cir. 2018) (quoting *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)). Such a motion is properly granted only if such relief is the "only way of protecting the plaintiff from harm." *Instant Air Freight Co. v. C.F. Air. Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). "It has been

well stated that upon an application for a preliminary injunction to doubt is to deny." *Madison Square Garden Corp. v. Braddock*, 90 F.2d 924, 927 (3d Cir. 1937).

"When evaluating a motion for preliminary injunctive relief, a court considers four factors: (1) has the moving party established a reasonable likelihood of success on the merits (which need not be more likely than not); (2) is the movant more likely than not to suffer irreparable harm in the absence of preliminary relief; (3) does the balance of equities tip in its favor; and (4) is an injunction in the public interest?" *Fulton v. City of Philadelphia*, 922 F.3d 140, 152 (3d Cir. 2019) *reversed on other grounds by* 141 S. Ct. 1868 (U.S. 2021). "The first two factors are prerequisites for a movant to prevail." *Holland v. Rosen*, 895 F.3d 272, 286 (3d Cir. 2018). "If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). As the complaint does not survive initial screening, Duroseau cannot meet the first factor, and his motion will be denied.

### III. CONCLUSION

For the above reasons, Duroseau's motion to expedite will be granted, his complaint has been screened pursuant to 28 U.S.C. 1915A, and it will be dismissed. The Court will deny the motion for a temporary restraining order.

An appropriate Order follows.

**Dated: November 13, 2025**                    *s/ Karoline Mehalchick*
                                                **KAROLINE MEHALCHICK**
                                                **United States District Judge**