**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| VILAIRE DUROSEAU,<br><br>Plaintiff<br><br>v.<br><br>KRISTI NOEM,<br>SECRETARY OF DHS, *et al.*<br><br>Defendants. | CIVIL ACTION NO. 3:25-CV-02041<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Before the Court is a Motion for Reconsideration filed by Plaintiff Vilaire Duroseau ("Duroseau") seeking to clarify his Complaint in Mandamus. (Doc. 13). In his Motion for Reconsideration, Duroseau seeks relief other than what was named in his Complaint. (Doc. 1; Doc. 13). A Motion for Reconsideration cannot be used to retroactively amend a pleading. As such, the Court will deny the Motion for Reconsideration.

## I. BACKGROUND AND PROCEDURAL HISTORY

In his complaint, Duroseau named six Defendants: (1) Krist Noem, the Secretary of the Department of Homeland Security; (2) Todd M. Lyons, Acting Director of ICE; (3) Brian McShance, Acting Field Office Director of ICE; (4) Stephen Waite, Supervisor of ICE Williamsport Sub-Office; (5) J. Greene, Warden of Federal Correctional Institution Allenwood ("FCI-Allenwood"); and (6) Laura Getz, Case manager of FCI-Allenwood. (Doc. 1, at 2-3).

Duroseau stated that in April of 2024, he was convicted in the Southern District of Florida and sentenced to 33 months incarceration. (Doc. 1, at 3). Duroseau alleged that he

was incarcerated at FCI-Allenwood. (Doc. 1, at 1). He stated that his criminal conviction was pending on direct appeal and is not final for immigration purposes. (Doc. 1, at 3).

He further averred that on August 6, 2024, Immigration and Customs Enforcement ("ICE") lodged a detainer against him, but he was never served a copy of said detainer. (Doc. 1, at 3). He further stated that no notice to appear had been filed in immigration court. (Doc. 1, at 3). Duroseau alleged that he petitioned the ICE Willimsport Sub-Office to lift the detainer on November 12, 2024 and August 19, 2025, and has received no response. (Doc. 1, at 3).

Duroseau alleged that on October 7, 2025, a deportation officer from the ICE Williamsport Sub-Office informed him that he will face removal proceedings and can be removed from the United States even if his appeal is still pending and that if a noncitizen's criminal appeal is successful he can come back to the United States through petitioning the U.S.C.I.S. (Doc. 1, at 3-4).

Duroseau further alleged that on September 25, 2025, his case manager, Defendant Getz, informed him that he would not be recommended for halfway house or home confinement due to the detainer. (Doc. 1, at 4). He stated that his projected release date was December 9, 2025 and upon release he faces unlawful ICE detention despite his conviction being non-final for immigration purposes. (Doc. 1, at 4). He alleged that the BOP and ICE are using the detainer as a pretext to deny him early release credits and halfway house placement pursuant to the FSA. (Doc. 1, at 2).

Duroseau alleged that his constitutional rights under the Fourth and Fifth Amendments have been violated. (Doc. 1, at 5).

As relief, Duroseau asked the Court to accept jurisdiction over the action, declare Defendants' issuance and use of the detainer against Duroseau unlawful and

unconstitutional, order ICE to immediately lift the detainer lodged against him, and order the BOP to consider him for prelease. (Doc. 1, at 6).

On November 13, 2025, the Court entered a Memorandum and Order finding that it lacked subject matter jurisdiction to provide the relief Duroseau sought in his Complaint. (Doc. 9; Doc. 10). On December 9, 2025, the Court received and docketed Duroseau's Motion for Reconsideration. (Doc. 13). This Motion for Reconsideration seeks relief under Fed. R. Civ. P. 59(e) on the basis that he did not seek removal of the detainer, but only sought an order compelling DHS/ICE to provide the documents, evidence, and statutory basis that purportedly established probable cause for the detainer lodged on August 6, 2026. (Doc. 13). The Court will now address this pending motion.

## II. DISCUSSION

Rule 59(e) is "a device...used to allege legal error," *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003), and may only be used to correct manifest errors of law or fact or to present newly discovered evidence. *See Howard Hess Dental Labs, Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). The scope of a Rule 59(e) motion is extremely limited, and it may not be used as an opportunity to relitigate the case. *See Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *See Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Duroseau does not allege an intervening change in the controlling law or the availability of new evidence. (Doc. 13). Instead, he appears to allege the basis for his Motion

for Reconsideration is the Court's error, stating that the Court misunderstod the relief sought in the Complaint: "Petitioner clarifies that he does not seek removal of the detainer at this stage. The only relief sought is a writ of mandamus compelling DSH/ICE to perform its nondiscretionary duty to provide the documents, evidence, and statutory basis that purportedly establish probable cause for the detainer ledged on or about August 6, 2024." (Doc. 13, at 1).

However, the Complaint clearly set forth the prayer for relief as follows:

A. Accept jurisdiction over this action;

B. Declare that Defendants' issuance and use of the detainer against Plaintiff is unlawful and unconstitutional;

C. Order ICE to immediately lift the detainer ledge against Plaintiff;

D. Order the BOP to consider Plaintiff for prerelease custody (RRC or home confinement) without reliance on the unlawful detainer;

E. Grant such other and further relief as this Court deems just and proper.

(Doc. 1, at 6). The Court's November Memorandum and Order addressed the relief sought. (Doc. 9; Doc. 10).

As set forth above, the limitations under Rule 59(e) are very limited and do not include an attempt to retroactively amend a pleading as it appears Duroseau is attempt to do here. Thus, the Court will deny the Motion for Reconsideration.

## III. CONCLUSION

For the above reasons, Duroseau's Motion for Reconsideration filed pursuant to Fed. R. Civ. P. 59(e) will be denied.

An appropriate Order follows.

**Dated: August 6, 2026**

s/ Karoline Mehalchick

**KAROLINE MEHALCHICK**
**United States District Judge**